Minshall, J.
It is averred by the attorney-general in the petition that James Jennings and others specifically named, having been and are now unlawfully usurping and holding the offices of “firemen” in the fire department of the city of Newark, this state, and asks that they be ousted therefrom and that Frank Alexander and others, specifically named, and entitled thereto, be inducted into the offices so usurped.
The case has been submitted to the court on an agreed statement of facts, from which it appéars that in 1895, the city council of Newark, passed an ordinance organizing its fire department; and by which it was provided that it should consist of ten firemen, one of whom should be elected as chief by the appointment of the mayor with the advi'ce and *423 consent of the council, and provided for their compensation. The persons, whose induction is asked for, were appointed under the provisions of this ordinance. The chief is not included in thenumber and all were simply appointed as “firemen.” On June 23,1897, the council adopted an ordinance, repealing the former one, and providing for the employment of the ‘ ‘firemen’ ’ by the council, the chief however, being appointed as formerly. The section as to the firemen is as follows : ‘ ‘The said council shall employ as many assistant firemen, from time to time, as to them may seem necessary who shall receive for their services not to exceed $50.00 per month.” Afterwards the firemen appointed under the former ordinance were discharged by resolution of the council, and by another resolution the defendants were employed.
The contention of the relator is that a fireman is an officer, and therefore, under section 1711, Revised Statutes, which requires all officers, of the municipality not elected by the people, to be appointed by the mayor with the advice and consent of the council, the defendants, not being so appointed, have no right to the office, should be ousted, and the former incumbents inducted, as officers holding’ over until their successors are duly appointed and qualified. We do not adopt this view. There is no question but that the council had the power to repeal the former ordinance; and this being so, and all the offices created by it, whatever they were, being thus abolished, the incumbents ceased to be officers, for there can be no incumbent without an office. State ex rel. Flin v. Auditor of State, 7 Ohio St., 333; Gano v. State ex rel., 10 Ohio St., 238; State ex rel. v. Hawkins, 44 Ohio St., 98. So that the real question in the case *424 is, whether a “fireman” is an officer; or, in this case, whether the firemen, for whose employment provision is madein the ordinance of 1897areofficers. For that a position in the fire department of a city may have such duties attached to it, as to constitute an office is not questioned. The chief of a fire department performs such duties as make him an officer. But the character of an office connot be attached to a position by a name merely. Whether it be an office or not, will depend upon the nature and character of the duties attached to it by law.
Many efforts have been made to define a public office; and it is only the incumbent of such an office whose rights can be challenged in a proceeding’ in quo locwranto. But it is easier to conceive the general requirements of such an office, than to express them with precision in a definition that shall be entirely faultless. It will be found, however, by consulting the cases and the authorities, that the most general distinction of a public office is, that it embraces the performance by the incumbent of a public function delegated to him as a part of the sovereignty of the state. Thus inMeachem’s Offices and Officers, section 4, it is said: “The most important characteristic which distinguishes an office from an employment or contract, is that the creation and conferring’ of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive, or judicial, attaches, for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer.” So in High on Extraordinary Legal Remedies, section 625, it is said: *425 “An office, such as to property come within the legitimate scope of an information in the nature of a quo warranto, may be defined as a public position, to which a portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, and which is exercised for the benefit of the public.” And in the case of Darley v. The Queen, 12 Cl. & Fin., 520, which is generally cited as a leading case, and where the question was whether the information would lie against the treasurer of the city of Dublin, Tindal, C. J., said : “After the consideration of all the cases and dicta on the subject, the result appears to be that this proceeding by information in the nature of a quo toarranto will lie for usurping any office, whether created by charter alone, or by the crown with the consent of parliament, provided the office be of a public nature, and a substantive office, not merely the function or employment of a deputy or servant held at the will and pleasure of others, for, with respect to such an employment, the court certainly will not interfere, and the information will not properly lie.” The fact that a public employment is held at the will or pleasure of another, as a deputy or servant, who holds at the will of his principal, is held, by the judges of the Supreme Court in an opinion delivered to the legislature of the state of Maine, to distinguish a mere employment from a public office, for in such cases no part of the state's sovereignty is delegated to such employees. 3 Greenleaf, 481. The case of State ex rel. v. Brennan, 49 Ohio St., 33, is not at variance with these views. It is quite clear from what has been said that the “Stationery Store-keeper” under consideration in that case was a public officer. He was charged with the purchase *426 and safe-keeping of the stationery required by the county. The judge in delivering the opinion, did not undertake to give an exhaustive definition of a public office; but did say, that “it is safely within bounds to say that where, by virtue of law, a person is clothed, not as an incidental or transient authority, but for such time, as denotes duration and continuance, with independent power to control the property of the public, or with functions to be exercised in the supposed interest of the people, the service to be compensated by a stated yearly salary, and the occupant having a designation or title, the position so created is a public office.” Here, and throughout the opinion, prominence is given to the fact, that a public officer is one who exercises, in an independent capacity, a public function in the interest of the people, by virtue of law, which is only saying in another form, 'that he exercises a portion of the sovereignty of the people delegated to him by law.
Applying what has been said to the case before us, and it clearly appears, as we think, that the fireman, other than the chief, employed by the council under the ordinance of June 23, 1897, are not public officers. They have no control of the fire department, nor of any of its property for any purpose, other than to use it in the extinguishment of fires whenever the occasion requires. They are subject on all occasions and in whatever they do in the course of their employment, to the direction and control of the chief of the department. They receive for their services $50.00 per month, and may be discharged at any time by the council. Hence they are simply persons in the employment of the fire department, and are not public officers of any .kind.
*427 We are, however, cited to some cases where it has been said, as a reason for the non-liability of a city for the acts of its fire department, that firemen are officers. On examination it will be found that this is not the true reason. It assumes that a city is in no case liable for the acts of. its officers. But this is not'true in all cases. A city is liable for the wrongful or negligent acts of its street commissioner. It is true that, in this instance, it is made the duty of a city to keep its streets in repair and free from nuisances, whilst, in this state, it is not required to establish á fire department. But if it organizes a fire department, and levies a tax for its support, it would then seem to become its duty to see that it is properly organized, and that its agents carefully perform their duties in the one case as well as in the other. For it is a general principle, that, though a person may not be bound to do a particular thing, yet if he voluntarily undertake to do it, he is bound to use reasonable care and diligence in its performance, and is liable in damages to one injured from his failure to do so. There is. no statutory duty in cities to construct sewers; but if a city does, it becomes liable to a party injured by the negligence of its officers and agents, in constructing and maintaining them. Dillon, Municipal Corporations, 4th Ed., section 980. The levying of the tax and assuming to act in the premises imposes the duty. Hence the true reason for the exemption of a city from liability for the acts of its firemen, is most probably not referable to the fact that they are officers but to the fact that it would be unwise to burthen the tax-payers of a city with damages resulting’ from the negligence of its agents in such eases; in other words, is simply a limitation suggested *428 by the policy of the law on the maxim respondeat superior, in its application to cities in such eases. In none of these cases was any effort made to determine what, in general, constitutes a public officer. In Dillon on Municipal Corporations, 4th Ed., section 976, it is said: “The exemption from liability in these, and the like cases, is upon the ground that the service is performed by the corporation in obedience to an act of the legislature; is one in which the corporation, as such, has no particular interest, and from which it derives no special benefit in its corporate capacity ; as the members of the fire department, although appointed and employed, and paid by the city corporation, are not the agents and servants of the city, for whose conduct it is liable.” So that the simple fact that a city is not liable for the acts of its fire department does not prove that all of its members are necessarily public officers ; and may, when not properly employed, be ousted from their employment by the state, as usurping on its authority in a proceeding in quo warranto. We are therefore led to the conclusion that none of the firemen proceeded against in this case can properly be termed public officers; they are clothed with none of the requisites of such an officer ; are simply in the employment of the city as laborers, and the right to be so employed cannot be challenged by quo warranto. The fact that their employment requires skill and experience does not alter the case. Skill and experience do not constitute a public office; they are simply requirements of suitableness for the place; and are no more attributes of a public office than of a private employment.

Writ refused and petition dismissed.